**Aihua CHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 10–71588.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2012.

Filed Nov. 1, 2012.

Jisheng Li, Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

OIL, John Beadle Holt, Esquire, Trial, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: REINHARDT, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM *

Aihua Chen, a native and citizen of China, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from the Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. In light of our decision in *Jiang v. Holder*, 611 F.3d 1086 (9th Cir.2010), we grant the petition and remand for further consideration.

In *Jiang*, we clarified the role that a spouse's forced abortion should play in the agency's asylum analysis after *Matter of J–S*, 24 I. & N. Dec. 520 (BIA 2008). We explained that *J–S* "stands only for the limited proposition that INA § 101(a)(42) cannot be read to confer 'automatic or presumptive refugee status' " on spouses of victims of forced abortions. *Jiang*, 611 F.3d at 1094 (emphasis in original). Further, we held that the agency should consider a spouse's forced abortion "as 'proof' that an applicant resisted a coercive population control policy, and in analyzing whether persecution occurred as a result." *Id.*

Here, the BIA decided Chen's case without the guidance of *Jiang*. The BIA determined that Chen did not engage in "other resistance" to China's coercive population control program and that he failed to demonstrate harm rising to the level of past

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

persecution. In doing so, the BIA failed to consider Chen's wife's forced abortion as proof of Chen's resistance to the coercive population control program or of past persecution as *Jiang* directs. In light of *Jiang*, we therefore grant Chen's petition and remand to the BIA for further consideration of his applications for asylum and withholding of removal.

**Petition GRANTED and REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.